IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND


MITCHELL C. JORDAN, Appellant

v.                                          CASE NO. 1:09-CV-02882-WMN

DENNIS R. MOORE, II, Appellee


ON APPEAL FROM THE UNITED STATES BANKRUPTCYCOURT FOR THE
DISTRICT OF MARYLAND, BALTIMORE DIVISION
CASE NUMBER 07—15516; ADVERSARY NUMBER 07-00684


**BRIEF OF THE APPELLEE**

Gerald Danoff
Danoff & King, P.A.
409 Washington Avenue
Suite 810
Towson, MD 21204
410-583-1686
gdanoff@dkhlaw.com
Attorneys for Appellee

TABLE OF CONTENTS

STATEMENT OF THE CASE AND FACTUAL BACKGROUND          Page 3

ARGUMENT

I.    THE BANKRUPTCY COURT'S FINDINGS, BASED ON THE FINDINGS IN
      THE STATE COURT, WERE PROPERLY MADE.          Page 5

      A.    UNDER MARYLAND LAW, A DEFAULT JUDGMENT CAN BE
            GIVEN PRECLUSIVE EFFECT.          Page 5

      B.    THE STATE COURT HAD TESTIMONY UPON WHICH ITS
            FINDINGS WERE BASED.          Page 6

II.   APPELLANT SEEKS TO COLLATERALLY ATTACK THE JUDGMENT
      ENTERED AGAINST HIM BY THE STATE COURT.          Page 8

CONCLUSION          Page 9

CERTIFICATE OF SERVICE          Page 10

TABLE OF AUTHORITIES

CASES

*Bowden v. Caldor*, 350 Md. 4 (1998)          Page 7

*Celotex Corp. v. Edwards*, 158 S. Ct. 1493 (1995)          Page 8

*In Re McCoskey*, 2006 WL 3217793 (2005)          Page 5

*Porter Hayden Co. v. Bullinger*, 350 Md. 452   (1998)          Page 5-6

*Sartin v. Macek*, 535 F. 3d 284 (4th Cir. 2008)          Page 5

STATUTES

11 U.S.C. 523(a)(6)          Page 4, 7, 9

## STATEMENT OF THE CASE AND FACTUAL BACKGROUND

On December 29, 1997, Dennis R Moore II ("Appellee") filed a Complaint against Mitchell Jordan ("Appellant") for assault and battery and intentional infliction of emotional distress in the Circuit Court for Baltimore City docketed as case No. 24-C-97-363042. The Complaint contained two counts. The first count alleged that on December 14, 1997, without cause or justification, Appellant savagely beat the Appellee, causing severe, painful and permanent injuries. The second count alleged intentional infliction of emotional distress. On April 14, 1998, a Motion to Dismiss for Improper Venue was filed with the Circuit Court on behalf of Appellant by his counsel in said case, which motion was subsequently denied. Requests for discovery were served on Appellee, which went unanswered. On October 2, 1998, the Circuit Court for Baltimore City entered an Order requiring Appellant to answer the discovery within 15 days of the date of said Order. Again, the discovery went unanswered. Accordingly, the Circuit Court entered an Order For Default November 16, 1998 and default judgment was entered as to liability against the Appellant, who subsequently filed a Motion to Vacate Default Judgment and request for hearing. The Circuit Court denied his Motion to Strike Default Judgment.

On June 24, 2000, a jury, after hearing evidence regarding the alleged wrongdoing, entered a verdict in favor of Appellee for compensatory damages in the amount of $120,770.23. The jury verdict sheet stated that the jury found by clear and convincing evidence that the actions of the Appellant were malicious or outrageous, and in light of the risks and dangers which were known or should have been known,

3

Appellant's conduct indicated a disregard for the right and safety of the Appellee, or showed a conscious indifference to the consequences. In accordance with Maryland law, Appellee then engaged in discovery in order to assess Appellant's financial condition. For the purpose of determining an appropriate punitive damages award.  Ultimately,  on May 8, 2002 Judge Carol Smith of the Circuit Court For Baltimore City, in an opinion from the bench, added an additional award of $60,000.00 for punitive damages against the Appellant. Appellant took an appeal.

The Court of Special Appeals by unreported opinion, affirmed the entry of judgment for both compensatory damages in the amount of $120,770.23 and punitive damages in the amount of $60,000.00. The Circuit Court subsequently increased the amount of the award for punitive damages to $100,000.00.

Appellant filed a petition under Chapter 7 of the Bankruptcy Code on June 17, 2007, docketed as case number 07-15516.  Appellee timely filed an Adversary Complaint on September 5, 2005.  Appellee filed a Motion For Summary Judgment, to which Appellant responded.  Supplemental pleadings were filed by both parties.  On September 22, 2008, the Bankruptcy Court conducted a Hearing on Appellee's Motion for Summary Judgment, the Response, and Supplemental matters.  The Bankruptcy Court reviewed the jury verdict, the unreported opinion of the Court of Special Appeals and the record of both punitive damages hearing and concluded:  1) the trial court had conducted a fact-finding (Transcript, page 26); 2)  that the trial court concluded that Appellant's conduct evidenced his intent to cause Appellee's injuries (Transcript, page 27); and that the specific facts found by the trial court supported the conclusion that the debt owed to Appellee was non-dischargeable under the provisions of 11 U.S.C. 523(a)(6).  Appellant

filed a Motion To Alter or Amend Judgment with the Bankruptcy Court on October 2, 2008, to which the Appellee filed a reply.  On  September 23, 2009, the Bankruptcy Court denied said Motion, following which denial the instant appeal was taken.

<u>ARGUMENT</u>

I.   THE BANKRUPTCY COURT'S FINDINGS, BASED ON THE FINDINGS IN THE STATE COURT, WERE PROPERLY MADE.

The Appellant's assertion that the issue of the Appellant's willful and malicious conduct was never litigated in the state court proceeding is simply false.  In particular, Appellant seeks to divert this Court's attention by emphasizing the fact that the liability of the Appellant in the state court case was determined by default.  While that is true, that fact does not render the entire judgment a "default judgment" as Appellant would have this Court believe.

A.   UNDER MARYLAND LAW, A DEFAULT JUDGMENT CAN BE GIVEN PRECLUSIVE EFFECT.

While Appellant goes to great lengths to demonstrate that a default judgment is not entitled to preclusive effect, this is not true.  The Fourth Circuit has held that the determination of whether or not a state court default judgment is entitled to preclusive effect is based on the law of the state.  See *Sartin v. Macek*, 535 F. 3d 284 (4th Cir. 2008). Under Maryland law, contrary to the argument of the Appellant, a default judgment can and is given preclusive effect.  *Porter Hayden Co. v. Bullinger*, 350 Md. 452   (1998). Furthermore, in a case strikingly similar to the instant matter, the Honorable E. Stephen

Derby discussed the preclusive effect of a default judgment under Maryland law.  *In Re McCoskey*, 2006 WL 3217793 (2005) which cited, *inter alia*, the decision of the Court of Appeals in *Porter Hayden Co v. Bullinger*, supra.

In *McCoskey*, the Defendant had filed a Motion disputing venue in the state court proceeding, declined to participate thereafter, received notice of the Order of Default and failed to file a Motion to strike the default.  Moreover, the Plaintiff in *McCoskey*, had put testimony on the record, as did the Appellee herein.  Judge Derby subsequently found that the default judgment was entitled to preclusive effect and that the debt was non-dischargeable under Section 523 of the Bankruptcy Code.   This is precisely what Judge Gordon found herein.


B.    THE STATE COURT HAD TESTIMONY UPON WHICH ITS
      FINDINGS WERE BASED.

Only the issue of the Appellant's liability was determined by default.  Had the state court case concluded at that point, there would not have been sufficient evidence in the state court proceeding from which the Bankruptcy Court could have concluded that Appellant's conduct toward the Appellee during the subject incident was either willful or malicious.  However, the case did not stop there.  Testimony regarding the incident was given before a jury.  Appellant argues that the jury's only responsibility was to determine the amount of damages (Argument I C, Appellant's Brief beginning at page 21).  This is only partially true.  In addition to determining the amount of compensatory damages to which the Appellee was entitled, the jury was also asked to determine from the testimony given whether the conduct of the Appellant was malicious or outrageous, for the purpose

of determining whether the Appellee was entitled to punitive damages.  The jury found,

in fact, that Appellant's conduct was "malicious or outrageous."  However, the

Bankruptcy Court rejected the Appellee's original contention that such finding by the

jury preclusively rendered the Appellant's conduct non-dischargeable under 11 U.S.C.

523(a)(6).  In response Appellee submitted additional material to the Bankruptcy Court

which included a transcript of the hearing on punitive damages conducted by the

Honorable Carol Smith of the Circuit Court For Baltimore City.

The Court of Appeals of Maryland, in the case of *Bowden v. Caldor*, 350 Md. 4

(1998) set forth nine factors that determine whether an award of punitive damages is

excessive.  The first of those factors is the gravity of the Defendant's conduct *Bowden v.*

*Caldor*, 350 Md. 4, 25 (1998).  The Bankruptcy Court quoted Judge Smith's discussion

of this factor in its opinion from the bench granting Appellee's Motion For Summary

Judgment (Transcript, pages 22 through 26) and correctly concluded that Judge Smith

had found, from the testimony presented, that the Appellants' conduct was sufficiently

deliberate to support a finding that Appellant intended to cause the injury suffered by

Appellee (Transcript, page 26).  The Appellant's claim that Judge Smith made no

findings of fact is inaccurate.  The finding of fact quoted by the Bankruptcy Court was a

requirement, under *Bowden*, to the punitive damages award.

Further support for this finding comes from the unreported opinion of the Court of

Special Appeals. (Appendix). Again, in discussing the first of the nine factors established

in *Bowden*, the Court of Special Appeals quoted the testimony of the Appellee in the

Circuit Court for Baltimore City and found that "Appellant's conduct satisfied the

requirements of assault in the first degree because he intentionally caused serious

physical injury to Moore." (Opinion of the Court of Special Appeals, page 22).[1]  Both

the Circuit Court and Court of Special Appeals derived their findings from testimony.

All of these factors, combined, show that the state court decision was entitled to be give

preclusive effect by the Bankruptcy Court.


II.      APPELLANT SEEKS TO COLLATERALLY ATTACK THE JUDGMENT
         ENTERED AGAINST HIM BY THE STATE COURT.


        Appellant also seeks to persuade this Court that Appellant's Due Process rights

were violated by the Circuit Court For Baltimore City (Argument I C. 2., Appellant's

Brief, page 23-24).  The substance of this argument is irrelevant, as it constitutes a

collateral attack on the judgment of the Circuit Court For Baltimore City.  Such collateral

attacks are impermissible, unless based on the original court's jurisdiction.  *Celotex Corp.*

*v. Edwards*, 158 S. Ct. 1493 (1995).  While Appellant had filed a Motion challenging the

venue of the case in the state court, there is nothing in the record, nor in Appellant's brief,

that indicates that the Appellant challenged or is challenging the issue of jurisdiction.

Accordingly, the Due Process issue should not and cannot be considered on appeal.

---

[1] The reference to "Appellant" in the Opinion of the Court of Special Appeals, as in the instant appeal, is to
Mitchell C. Jordan.

CONCLUSION


For the reasons stated herein, the judgment of the United States Bankruptcy Court granting Appellee's Motion For Summary Judgment and declaring the debt owed to Appellee to be non-dischargeable under 11 U.S.C. 523(a)(6) should be affirmed.


Respectfully submitted


/s/ Gerald Danoff
Gerald Danoff
Danoff & King, P.A.
409 Washington Avenue
Suite 810
Towson, MD 21204
410-583-1686
gdanoff@dkhlaw.com
Attorneys for Appellee

IN RE:                                          *
                                                *
MITCHELL C. JORDAN                              *      CASE   NO.:   09-cv-02882-
WMN                                                    *
        v.                                      *

DENNIS MOORE                                    *
                                *
*       *       *       *       *       *       *       *       *       *       *       *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December, 2009, a copy of the Appellee's Brief  was mailed first class, postage prepaid to:

        Colin Casler
        Coon & Cole, LLC
        305 W. Chesapeake Ave. Suite, 105
        Towson, MD 21204


                        /s/ [Gerald Danoff_____
                        Gerald Danoff, Esquire

                        DANOFF & KING P.A.
                        409 Washington Avenue, Suite 810
                        Towson, Maryland 21204
                        gdanoff@dkhlaw.com
                        (410) 583-1686

                        Attorney for Appelee